IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINIC JOSEPH ABBOTT, ) <br> ) <br> Petitioner ) <br> ) <br> vs. ) <br> ) <br> PENNSYLVANIA DEPARTMENT OF ) <br> CORRECTIONS; and THE DISTRICT OF THE ) <br> COUNTY OF BUTLER; and PA. STATE ) <br> ATTORNEY GENERAL ) <br> ) <br> Respondents ) <br> ) | Civil Action No. 06-1451 <br><br> Judge Nora Barry Fischer/ <br> Magistrate Judge Amy Reynolds Hay |

## REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully recommended that the Section 2254 habeas petition be dismissed without prejudice because Petitioner has failed to exhaust state court remedies. It is further respectfully recommended that a certificate of appealability be denied.

REPORT

Dominic Joseph Abbott ("Petitioner"), a state prisoner, has filed a habeas petition pursuant to 28 U.S.C. 2254, seeking to challenge his 2004 conviction for aggravated assault. Petitioner was found guilty of the charges by a jury after proceeding pro se during his trial with stand-by counsel. Because Petitioner had a Post Conviction Relief Act ("PCRA") petition pending in the Court of Common Pleas of Butler County at the time of the filing of the instant habeas petition, and because there is an appeal from the PCRA court's denial of relief currently pending in the Pennsylvania Superior Court, Petitioner has failed to exhaust his state court remedies and,

therefore, the petition should be dismissed without prejudice.

### A. Relevant Facts And Procedural History

On August 20, 2004, Petitioner was found guilty by a jury of aggravated assault in relation to his beating his fiancee in a car in the presence of two children.  Previously, the trial court, on August 6, 2004, after conducting a hearing, granted Petitioner leave to represent himself during trial, finding that his waiver of counsel was knowing, voluntary and intelligent.  Dkt. [5-3] at 30. Petitioner proceeded pro se at trial with court appointed stand-by counsel.  After Petitioner was convicted, the trial court sentenced Petitioner on November 17, 2004.  The sentence was for 84-200 months.  Dkt. [5-1] at 3.  On November 24, 2004, Petitioner filed his first pro se PCRA petition.  Dkt. [5-3] 35 - 44.  On November 29, 2004, the trial court dismissed that PCRA petition as prematurely filed given that Petitioner could still file a direct appeal.  Dkt. [5-3] at 45. Petitioner then filed a second pro se PCRA petition on December 6, 2004.  State Court Record ("SCR")  Dkt. 73.  Petitioner filed several more pro se PCRA petitions during the pendency of the second PCRA (all of which essentially amounted to amendments to the second PCRA petition because at the time of Petitioner's filing them, the prior ones had not yet been ruled on): (1) SCR, Dkt. 79;  Dkt. [5-4] at 1 - 8; ( 2)  SCR, Dkt. 83 (filed May 31, 2005) and; (3)  SCR, Dkt. 88 (filed on August 5, 2005).   On October 21, 2005, Petitioner, through his court appointed counsel,  filed an amended PCRA petition.  SCR, Dkt. 96.  The Commonwealth filed a response on November 16, 2005.  Dkt. [5-4] at 23 - 26.  On April 25, 2006, the PCRA court directed the Commonwealth to file an answer to all of Petitioner's PCRA petitions, including those filed pro se.  SCR, Dkt. 120.  In response, the Commonwealth filed their answer on May 16, 2006.  Dkt. [5-4] at 41 - 42; SCR, Dkt. 124.

While all of these PCRA proceedings were ongoing in the PCRA court, on November 1, 2006, the Clerk of Courts for the United States District Court for the Western District of Pennsylvania received Petitioner's application to proceed in forma pauperis so as to pursue this current Section 2254 habeas petition.

On November 7, 2006, Petitioner filed pro se in the PCRA court what amounted to a supplement to the PCRA petitions, adding as an issue a sentencing modification request. SCR, Dkt. 141.

The PCRA court conducted hearings on the PCRA petitions, the last hearing apparently occurring on November 22, 2006. See Dkt. [5-2] at 34 (entry dated 11/9/06). Petitioner, through counsel, filed a brief in support of the request for PCRA relief. Dkt. [5-5] at 1 - 8. On December 20, 2006, the Commonwealth filed a responsive brief. SCR, Dkt. 148. On December 21, 2006, the PCRA court denied relief on the merits.[1]

A notice of appeal was apparently filed pro se by Petitioner in the Superior Court, but the Superior Court on January 22, 2007 sent correspondence to the Butler County Clerk's office returning the notice of appeal so that the notice of appeal could be filed therein. The Butler County Clerk's office docketed the notice of appeal on January 22, 2007. The court takes judicial notice[2] of the fact that an appeal is currently pending in the Superior Court from the PCRA court's

---

[1] Although the State Court records indicate that the PCRA court's opinion disposing of the PCRA petition was contained therein as Docket Number 149, SCR, Dkt. 151 (entry dated 12/21/06), in fact, no such opinion appears in the State Court records. This Court contacted the Butler County Clerk's office, who faxed a copy of the opinion to this Court. A copy is attached hereto as Exhibit A..

[2] In habeas cases, one court can take judicial notice of the docket of another court. See, e.g., Cowell v. Artuz, 133 F.3d 906 (Table), 1998 WL 11029, at *1 (2nd Cir. 1998)("This Court can take judicial notice of the notice of appeal filed with the Appellate Division [of the state court]. See Fed.R.Evid. 201; Schwartz v. Capital Liquidators, Inc., 984 F.2d 53, 54 (2d Cir. 1993) (taking judicial notice of a docket entry in another court)."); Normand v. McAninch, 210 F.3d 372 (Table), 2000 WL

denial of relief.  See e.g., Commonwealth v. Abbott,  897 WDA 2007 (Pa.Super.). [3]

The court takes further judicial notice of the fact that Petitioner has not yet even filed his Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of On Appeal in the PCRA Court so as to permit that court to prepare an opinion.  As of the writing of this report, the Superior Court's docket reveals that the last activity therein was the praecipe for entrance of an appearance by the District Attorney of Butler County which occurred on June 1, 2007.

Meanwhile, the habeas petition was docketed.  Dkt. [3].  The Respondents filed their answer, in which they raise, inter alia, Petitioner's failure to exhaust.  Dkt. [5].  The State Court records were received by this Court on January 11, 2007.

### B.  Applicable Legal Principles - Exhaustion Requirement

Congress has provided in 28 U.S.C. § 2254 that

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A) the applicant has exhausted the remedies available in the courts of the State;

. . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under

---

377348, *1 n.1 (6th Cir. 2000) ("Although Petitioner did not introduce the docket sheet as evidence, we note that we may take judicial notice of proceedings in other courts of record."); Bass v. Butler, 258 F.3d 176, 179 (3d Cir. 2001)("After the District Court entered its final order, the Pennsylvania Supreme Court denied allocatur;  there are no longer pending state proceedings. *Cf. Melvin v. Nickolopoulos*, 864 F.2d 301, 305 (3d Cir. 1988) ('[W]e sometimes take judicial notice of subsequent developments not part of the district court record.')[.]").

[3]  The docket of the Superior Court is available at:

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=2&dkt=897%20WDA%202007&ST=6/6/2007%2012:16:28%20PM

the law of the State to raise, by any available procedure, the question presented. Hence, this court must analyze the question of whether Petitioner has exhausted his state remedies.

Although the precise nature of the exhaustion doctrine is subject to some judicial disagreement, especially in matters which relate to the procedural default doctrine,[4] the Supreme Court has explained that "Section 2254(b) requires habeas applicants to exhaust those remedies 'available in the courts of the State.' This requirement, however, refers only to remedies **still available at the time of the federal petition**." Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982) (emphasis added). Accordingly, in performing an exhaustion analysis, the question which the court must resolve is this: at the time he filed this habeas petition, did Petitioner have available to him any state procedure through which he could raise the issues he wishes to raise in the habeas petition. 28 U.S.C. § 2254(c). See also Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987) (Section 2254's exhaustion requirement is not met 'if he has the right under the law of the state to raise, by any available procedure, the question presented.' 28 U.S.C. S 2254(c). When determining whether state remedies are available, we look to the time of the filing of the federal habeas petition")(some internal quotations omitted).

The animating principle of exhaustion is based upon considerations of comity. See, e.g., Fay v. Noia, 372 U.S. 391, 418 (1963) ("comity demands that the state courts, under whose process he is held, and which are, equally with the federal courts, charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the

---

[4] See, e.g., Lines v. Larkins, 208 F.3d 153, 160 n.9 (3d Cir. 2000); Bailey v. Nagle, 172 F.3d. 1299 (11th Cir. 1999).

first instance... ."), overruled on other grounds by, Coleman v. Thompson, 501 U.S. 722 (1991). Generally, federal court intervention would be **premature** whenever a state procedure still affords a petitioner with an opportunity to obtain relief from the conviction which he or she seeks to attack in a federal habeas proceeding. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1998) ("The exhaustion requirement does not foreclose federal relief, but merely postpones it."). Thus, the federal habeas doctrine of exhaustion is centered on the **timing** of the federal petition, i.e., was the federal habeas petition filed before the state prisoner has finished utilizing the state court procedures available to him or her. Richardson v. Miller, 716 F.Supp. 1246, 1266 (W.D. Mo. 1989) ("*Fay v. Noia* then explained that the doctrine of exhaustion has always been based solely on principles of comity and, as such, did no more than establish a 'rule of timing' under which, as a matter of comity, the State courts would be afforded the first opportunity to consider a state prisoner's federal claims before a federal court should exercise the habeas corpus power and jurisdiction conferred on it by 28 U.S.C. § 2254(a).") (citations omitted). Moreover, it is the Petitioner's burden to prove that he has met the exhaustion requirement. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

If a state prisoner seeking federal habeas relief has not exhausted his state court remedies and there is no apparent problem concerning AEDPA's statute of limitations and a petitioner fails to show good cause as to why he did not exhaust, the federal court may dismiss the petition without prejudice in order to allow a habeas petitioner to finish seeking relief in state court. See, e.g., Rhines v. Weber, 544 U.S. 269 (2005); Rose v. Lundy, 455 U.S. 509 (1982); Ledford v. Ward, No. CIV-05-523-R, 2005 WL 1606443 (W.D. Okla. June 14, 2005). However, exhaustion is not a jurisdictional limitation, and federal courts may entertain a habeas petition from a state

prisoner when no appropriate state remedy exists.  Doctor v. Walters, 96 F.3d 675, 681 (3d Cir. 1996).

  **C.**  **Analysis**

  At the time Petitioner herein initiated the present proceedings by executing his in forma pauperis application on October 27, 2006, he had pending in the state trial level court his PCRA petition proceedings which were initiated in the Butler County Court of Common Pleas on or about November - December 2006.  This Court takes judicial notice of the dockets of the Butler County Court of Common Pleas as well as those of the Pennsylvania Superior Court.   Those dockets reveal a currently pending appeal from the PCRA court's denial of Petitioner's PCRA request.

  Because the Pennsylvania Superior Court is considering Petitioner's PCRA petition and it is possible for that Court to afford Petitioner relief, this habeas petition should be dismissed without prejudice to the filing a new habeas petition after state court remedies have been exhausted if indeed those state court remedies do not afford Petitioner relief.  See, e.g., Rose v. Lundy, 455 at 518 (in habeas cases involving state prisoners, "federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, **and already cognizant of the litigation**, have had an opportunity to pass upon the matter.")(emphasis added);  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998)("Nor should we discourage petitioners from exhausting all their claims in state court, even by means of a second or subsequent petition for post-conviction relief where permissible under state law, **before** seeking habeas review in federal court.")(emphasis added).  Accordingly, it is recommended that the petition for writ of habeas

corpus be dismissed albeit without prejudice.

Furthermore, although Petitioner does not raise the issue of the stay and abey procedure, in an effort to be complete and in consideration of Petitioner's pro se status, this court will address the issue *sua sponte*. The court does not find the stay and abey procedure announced in Rhines v. Weber to be required herein. In Rhines, the court was concerned with the interplay between the requirement that a habeas petitioner totally exhaust all of the claims he wishes to bring in the federal habeas petition and the requirement of AEDPA's one year statute of limitations.[5] Consequently, to avoid any problems, the Court permitted District Courts to stay and abey mixed habeas petitions rather than dismiss them while the habeas petitioner returned to state court to exhaust those claims found to be unexhausted by the federal habeas court. In Rhines, the Supreme Court set forth certain considerations for staying and abeying petitions that, as filed, were determined to be mixed petitions. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005)("'[I]f

---

[5] The Rhines court opined:

> The enactment of AEDPA in 1996 dramatically altered the landscape for federal habeas corpus petitions. AEDPA preserved *Lundy's* total exhaustion requirement, see 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus ... shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State"), but it also imposed a 1-year statute of limitations on the filing of federal petitions, § 2244(d). Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations, *Duncan, supra*, at 181-182, 121 S.Ct. 2120.
>
> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

Rhines, 544 U.S. at 274 - 75.

the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics,' then the district court likely 'should stay, rather than dismiss, the mixed petition'")(quoting the syllabus in Rhines, 544 U.S. at 269).

The court finds Rhines not controlling for several reasons. First, whereas Rhines addressed the situation of a mixed petition (i.e., a petition containing both exhausted and unexhausted claims, such that AEDPA's statute of limitations could have run on the exhausted claims while a petitioner was seeking to exhaust in state court the unexhausted claims raised in the federal habeas petition)[6], here, because Petitioner filed no direct appeal and now has a currently pending PCRA appeal, none of the issues raised in the current habeas petition is exhausted[7] and so this current petition is not a mixed petition, like the petition at issue in Rhines was. See, e.g., McCabe v. Pennsylvania, 419 F.Supp.2d 692, 697 n. 4 (E.D.Pa. 2006) ("The United States Supreme Court recently addressed a similar issue in *Rhines v. Weber*, and sanctioned the use of a stay and abeyance procedure for mixed petitions, that is, petitions with both exhausted and unexhausted claims. 544 U.S. 269 (2005). *Rhines* and the cases following its direction, however, have confined the stay and abeyance procedure to mixed petitions, whereas the petition before the Court today contains only unexhausted claims.").

Secondly, even if Rhines controlled cases of petitions that were not mixed, such as the

---

[6] See, e. g., Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004)(AEDPA's statute of limitations is analyzed on a claim by claim basis).

[7] See, e.g., Morris v. Horn, 187 F.3d 333, 335 (3d Cir. 1999)("The District Court dismissed Morris's habeas petition because he had not exhausted state remedies on all of his claims; his second Pennsylvania Post Conviction Relief Act (PCRA) petition was still pending in state court.").

present petition, here, Petitioner has made no showing of good cause for his filing this habeas petition while he has a currently pending PCRA petition in the state courts; hence this court need not stay and abey the habeas petition while Petitioner exhausts his state court remedies but may exercise its discretion to dismiss it without prejudice.  Akins v. Kenney, 410 F.3d 451 (8th Cir. 2005)(court determined that burden is on petitioner to show good cause in stating that "[i]n order to determine whether a stay pending exhaustion would be appropriate in this case, Akins must be given an opportunity to demonstrate good cause for his failure to exhaust his claims first in state court . . . .").

    Lastly,  because Petitioner filed his second PCRA petition before or only shortly after his conviction became final (given that he did not file a direct appeal to the Superior Court) and the subsequent PCRA petitions all appear merely to be amendments thereto,  and an appeal of those PCRA proceedings is currently pending, it would appear that there is no issue regarding AEDPA's statute of limitations, which was the concern in Rhines and so the stay and abey procedure of Rhines v. Weber, would not be required here.  See, e.g., 28 U.S.C. § 2244(d)(2) (AEDPA's statute of limitations is tolled during the pendency of a properly filed state post conviction petition); Swartz v. Meyers, 204 F.3d 417, 420 (3d Cir. 2000) (AEDPA's one year limitation period continues to be tolled during the period of taking a timely appeal from the denial of post-conviction relief and during the appellate court's consideration of the appeal).  See also  Mill v. Kelchner,  Civil Action No. 06-5083, 2007 WL 1377656,  *3  (E.D.Pa.  May 9, 2007)("Thus, the 'stay and abey' procedure protects both the concerns of comity and finality by giving the state courts the first opportunity to address the unexhausted claims and preserving the petitioner's exhausted claims from an untimely fate if the court were to dismiss a mixed petition. At this

point, the court is not faced with a mixed petition. All of Mill's claims are unexhausted. More importantly, however, there does not seem to be any fear that failing to stay Mill's federal petition will result in the running of the habeas limitations period. The habeas limitations period has not yet begun to run because the case is still on direct appeal in the state court.").  Since the reason for the stay and abey rule of Rhines v. Weber was to avoid problems with AEDPA's statute of limitations and there do not appear to be any such concerns herein, the stay and abey rule should not apply.  Cf. Zadvydas v. Davis, 533 U.S. 678, 699 (2001)("*Cessante ratione legis, cessat ipse lex* [i.e.,] the rationale of a legal rule no longer being applicable, that rule itself no longer applies.")(internal parentheses omitted).

    Accordingly, this non-mixed habeas petition should be dismissed.

### D. Certificate of Appealability

    Section 2253 of Title 28 U.S.C. generally governs appeals from district court orders regarding habeas petitions.  Section 2253 essentially provides in relevant part that a certificate of appealability, which is a prerequisite for allowing an appeal to a Court of Appeals, should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253 (C)(2).  There is a difficulty in applying Section 2253(C)(2) when the District Court does not decide the case on the merits, i.e., declines to address questions of constitutional violations, but instead decides the case on a procedural ground without determining whether there has been a denial of a constitutional right.  See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

    In resolving this difficulty, the Supreme Court in  Slack v. McDaniel, held that

    [w]hen the district court denies a habeas petition on procedural grounds without

> reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. at 484.  Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 473.  The test is conjunctive and both prongs must be met.  See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the Petitioner's claims for failing to exhaust state court remedies was correct.  Accordingly, a certificate of appealability should be denied.  Because of this conclusion and the fact that the test is conjunctive, the court does not need to reach the other prong of the Slack v. McDaniel test, i.e., whether Petitioner has made a substantial showing of a denial of a constitutional right.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/  Amy Reynolds Hay

United States Magistrate Judge

Dated: 11 June, 2007

cc: The Honorable Nora Barry Fischer
United States District Judge

Dominic Joseph Abbott
GB-5800
Butler County Prison
121 Vogeley Way
Butler, PA 16001-5777

Dominic Joseph Abbott
SCI Graterford
P.O. Box 244
Graterford, PA 19426-0246

Randa B. Clark, Esquire
by Notice of Electronic Filing